UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONALD STURGIS,

               Plaintiff,                              Case No. 1:19-cv-34

v.                                            Honorable Gordon J. Quist

MDOC et al.,

               Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. §§ 1983 and 1985. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because Defendants are immune from suit in this Court and the complaint fails to state a claim against them.

**Discussion**

I.        Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility (NCF) in Luce County, Michigan.  He sues the MDOC and the Michigan Parole Board (MPB).

Plaintiff alleges that Defendants retaliated against him and denied him due process and equal protection.  Specifically, he contends that the MDOC does not maintain an adequate law library because it has removed all law books and legal materials from its library.  He also contends that the MPB is not following state law as it pertains to parole.  He contends that the MPB has denied him parole on two occasions because he allegedly minimized his conduct and blamed the victim and the Court.  Plaintiff asserts that these reasons are unfounded.  He contends that the real reason the MPB denied him parole is because a habeas corpus petition challenging his confinement is still pending in court.  Plaintiff believes that he has completed all the requirements necessary to obtain parole, yet the parole board refuses to grant him parole for arbitrary and/or improper reasons.

II.       Immunity

Plaintiff does not state a viable claim because Defendants are immune from suit in federal court.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332,

341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Defendants are immune because the MDOC is a department of the State of Michigan, and the MPB is part of the MDOC. *See* Mich. Comp. Laws § 791.231a(1). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). The same is true of the MPB. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (MPB entitled to Eleventh Amendment immunity); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004). Therefore, Defendants are properly dismissed because they are immune from suit.

III.    Failure to state a claim

Even if Defendants were not immune from suit, the Court would dismiss the complaint for failure to state a claim. A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a

"'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

## A. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that he has been deprived of due process. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Contrary to his assertions in the complaint, he has no liberty interest in, or constitutional right to, release on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although

a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Michigan law does not entitle prisoners to release on parole. Instead, Michigan authorities have "broad powers . . . to deny parole"; consequently, the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *accord Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). Even the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Without a protected interest in parole, Plaintiff cannot claim that he was deprived of due process when the MPB denied him parole. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal procedural due process claim."). That is true even if the MPB relied on inaccurate information when denying him parole. *See Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006) (affirming dismissal of claim that MPB relied on incorrect information when denying parole).

Plaintiff contends that the MPB denied him parole in retaliation for the fact that he is attempting to challenge his confinement through a habeas corpus petition. This assertion is wholly conclusory. He offers no facts to support a plausible link between the parole board's decisions and his habeas corpus action.

Plaintiff also contends that he has been deprived of equal protection, but this claim is also wholly conclusory. The Equal Protection Clause prohibits discrimination by government

actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Plaintiff does not allege that he has been treated differently from others who are similarly situated. Thus, he fails to state an equal protection claim.

In addition, the fact that the MPB has failed to follow its own rules or state law does not give rise to a claim under § 1983. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at 1166.

Finally, Plaintiff's allegations about the prison's lack of books in the prison law library is not enough to state a claim. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits

6

prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

Here, Plaintiff neglects to mention that the MDOC provides prison inmates with access to electronic legal materials. *See* MDOC Director's Office Memorandum 2019-10 (Dec. 13, 2018) (noting that the MDOC "implemented a system by which most general population prisoners will conduct legal research through an Electronic Law Library (ELL) system"), available at https://www.michigan.gov/documents/corrections/2019-10_642270_7.pdf (accessed February 5, 2019). These electronic materials likely suffice as "alternative sources of legal knowledge," *Bounds*, 430 U.S. at 817, but even if that is not the case, Plaintiff fails to state a claim because he does not allege any relevant injury stemming from the lack of legal books.

In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Id.* at 351-53. As indicated, Plaintiff has not alleged any injury. He does not allege that the lack of materials in the prison's law library have frustrated or are hindering his efforts at pursuing a nonfrivolous legal claim. Thus, he fails to state a claim for denial of access to the courts.

For all the foregoing reasons, Plaintiff fails to state a claim under § 1983.

### B. 42 U.SC. § 1985

Plaintiff also cites 42 U.S.C. § 1985, subsections (2) and (3), as the basis for a claim. The first clause of subsection (2) "forbids a conspiracy to deter a party or witness in a federal court from attending or testifying in court, punishing parties or witnesses for having attended or testified

in federal court or influencing or punishing federal jurors." *Dallas v. Holmes*, 137 F. App'x 746, 752 n.5 (6th Cir. 2005).  That clause has no application here.

The second clause of subsection (2) creates a cause of action against "two or more persons" who "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ."  42 U.S.C. § 1985(2).  "Under this clause, like § 1985(3), a plaintiff must demonstrate that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"  *Dallas*, 137 F. App'x at 752 n.5 (quoting *Kush v. Rutledge*, 460 U.S. 719, 726 (1983)).  Plaintiff does not allege any racial or class-based discriminatory animus.  Thus, he does not state a claim under subsections (2) or (3) of 42 U.S.C. § 1985.  Accordingly, he does not state a claim under § 1985.

### C. 18 U.S.C. § 1001

Plaintiff also suggests that certain members of the MPB (who are not named as separate defendants) violated 18 U.S.C. § 1001, which makes it a crime to defraud the United States.  However, Plaintiff has no right to enforce this statute, or any other criminal statute.  *See Diamond v. Charles*, 476 U.S. 54, 63 (1986) (holding that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  He therefore fails to state a claim under § 1001.

In summary, Plaintiff's complaint is subject to dismissal because Defendants are immune from suit and Plaintiff fails to state a claim against them.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed because under 28 U.S.C. §§ 1915(e)(2),

1915A(b), and 42 U.S.C. § 1997e(c) because Defendants are immune from suit and Plaintiff fails to state a claim against them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: February 13, 2019                          /s/ Gordon J. Quist
                                                  _____
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE